UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GEORGE ALLEN WARD, #1013118-52,

        Petitioner,

v.                                  ACTION NO. 2:20cv252

HAROLD W. CLARKE,

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

This matter is before the Court on a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by George Allen Ward ("Ward"), Ward's two motions for default judgment, and the motion to dismiss filed by respondent Harold Clarke, Director of the Virginia Department of Corrections ("respondent"). ECF Nos. 1, 9–10, 14. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that Ward's motions for default judgment (ECF Nos. 9–10) be **DENIED**, respondent's motion to dismiss (ECF No. 14) be **GRANTED**, and the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITH PREJUDICE.**

                **I.**      **STATEMENT OF THE CASE**

Ward, a Virginia inmate, has submitted a petition pursuant to 28 U.S.C. § 2254 alleging violations of his federal rights pertaining to his sentencing in the Circuit Court for Gloucester County on January 20, 1995. ECF No. 1 at 1.

Following his guilty plea to possession with intent to distribute cocaine, Ward was sentenced on January 20, 1995, in the Circuit Court for Gloucester County ("circuit court") to 40 years in prison, with 29 years suspended. ECF No. 16-2 at 1; *Commonwealth v. Ward*, No. 94007216-00 (Va. Cir. Ct. Jan. 20, 1995). On April 11, 1995, the circuit court granted, in part, Ward's motion to modify his sentence, and ordered that six years of the sentence imposed run concurrently with Ward's federal sentence. ECF No. 16-2 at 1. Ward was released from prison on his state and federal convictions in 2010. *Id.* at 1–2.

Following Ward's new drug convictions, the circuit court held a revocation hearing on December 12, 2016, and entered an order revoking the 29-year suspended sentence on December 27, 2016. *Id.*; *Ward*, No. 94007216-00. The circuit court sentenced Ward to 29 years with 20 years resuspended. *Id.* Ward filed two *pro se* notices of appeal of the revocation order on December 15 and 29, 2016. *Ward*, No. 94007216-00. Court-appointed counsel filed an amended notice of appeal on January 23, 2017. *Ward v. Commonwealth*, No. 0110-17-1 (Va. Ct. App. Feb. 17, 2017). At Ward's request, counsel filed a motion to withdraw the notice of appeal on February 6, 2017, and the Court of Appeals of Virginia granted the motion on February 17, 2017. *Id.*; ECF No. 16-1.

On July 31, 2017, Ward executed a petition for a writ of habeas corpus, which he filed in the circuit court on August 28, 2017. *Ward v. Clarke*, CL17000272-00 (Va. Cir. Ct. Jan. 23, 2018). Ward asserted the following claims for relief: (a) the trial court illegally ordered five years of his original 11-year active sentence to run consecutive to, and six years to run concurrent with, his federal sentence; and (b) the respondent failed to "forward time owed" to Ward from a previous incarceration. *Id.*; ECF No. 16-2 at 2. On January 23, 2018, the circuit court dismissed the petition as time-barred and, in the alternative with respect to claim (b), without merit. ECF

No. 16-2 at 2–4. On March 5, 2018, the circuit court denied Ward's motion to reconsider the dismissal order. ECF No. 16-3.

On June 5, 2018, Ward filed an appeal of the circuit court's denial of his habeas petition to the Supreme Court of Virginia. *Ward v. Clarke*, No. 180730 (Va. Aug. 1, 2018). The court dismissed Ward's appeal on August 1, 2018, "[f]inding that the appeal was not perfected in the manner provided by law because [Ward] failed to timely file the petition for appeal." *Id.* (citing Rule 5:17(a)(1) of the Rules of the Sup. Ct. of Va.).[1] On September 12, 2018, the Supreme Court of Virginia denied Ward's subsequent request for an extension of time to file his appeal. ECF No. 16-5.

On June 19, 2019, Ward filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, challenging the sentence imposed for his 1995 conviction. ECF No. 16-6; *Ward v. Clarke*, No. 190813 (Va. Sept. 26, 2019). Ward stated the following claims for relief: (a) the Virginia Department of Corrections "failed to credit detention time from April 4[,] 2001, [or] October 4[], 2001 until November 30[,] 2009, according to the Supreme Court of Virginia orders"; and (b) the "cause and prejudice" standard applies to his claims to overcome any time limitations, "due to lack of knowledge of a substantial issue." ECF No. 16-6 at 4–5. The Supreme Court of Virginia dismissed the petition on September 26, 2019, stating, "the Court is of the opinion that the writ should not issue as no writ shall be granted on the basis of any allegation previously resolved against the petitioner." ECF No. 16-7 (citing Va. Code Ann. § 8.01-663).[2]

---

[1] Rule 5:17(a)(1) of the Rules of the Supreme Court of Virginia provides, "in the case of an appeal direct from a trial court," the petition for appeal must be filed "not more than 90 days after entry of the order appealed from."

[2] Virginia Code § 8.01-663 provides, "[a]ny such judgment entered of record shall be conclusive, unless the same be reversed, except that the petitioner shall not be precluded from bringing the same matter in question in an action for false imprisonment."

On April 5, 2020, Ward signed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he filed in this Court on May 18, 2020. ECF No. 1. Ward asserts he is entitled to relief on the following grounds: (1)(a) "it is unlawful and unconstitutional to be on parole on one offense, and have a detainer on the same offense at the same time," *id.* at 5; (1)(b) it is unlawful to receive multiple sentences for a single offense, ECF No. 1-1 at 3; (1)(c) he was unlawfully denied "detention time credit" towards his revocation sentence, *id.* at 4; and (2) the "cause and prejudice standard applies due to the fact that this claim and issue surfaced after 1999 . . . on December 12[], 2016," ECF No. 1 at 5, 7.

On July 29, 2020, the Court ordered respondent to file, within thirty (30) days from the date of the order, an answer to the petition and, if appropriate, a motion to dismiss. ECF No. 8.

On September 10 and 17, 2020, Ward filed two motions for default judgment, requesting that the Court grant the relief requested in the petition due to respondent's failure to timely respond. ECF Nos. 9–10. On September 21, 2020, the Court ordered respondent to show cause by October 2, 2020, why an answer had not been filed. ECF No. 11.

On October 1, 2020, respondent filed a response to the show cause order, a motion for extension of time to respond, and a motion to dismiss with a memorandum in support. ECF Nos. 14–18. The response to the order to show cause explained that the case was initially assigned to an attorney who had been out of the office on extended medical leave, and the Attorney General's Office first became aware that no responsive pleading had been filed in the case when the show cause order was received.[3] ECF No. 18 at 1–2.

On November 20, 2020, the Court granted respondent's motion for extension of time to

---

[3] Respondent noted that Ward did not send a copy of the motion for default judgment to the Attorney General's Office, and that Director Clarke forwarded a copy to the office that was received on September 29, 2020. ECF No. 18 at 2 n.*.

4

file a response, and Ward responded to the motion to dismiss on December 14, 2020. ECF Nos. 21–22.

Ward's motions for default judgment and respondent's motion to dismiss the petition are ripe for decision.

## II.   ANALYSIS

### A.   Ward's motions for default judgment should be denied.

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Rule 55(a) authorizes the entry of a default by the Clerk upon a showing that "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A court must "exercise sound judicial discretion" when considering whether to enter a default judgment, "and the moving party is not entitled to default judgment as a matter of right." *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citing *Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.) Inc.*, 486 F. Supp. 2d 496, 502 (E.D. Pa. 2007)). Courts consider a variety of factors in assessing whether the entry of default judgment is appropriate, including, *inter alia*, whether the defendant's failure to respond was "caused by a good-faith mistake" or "excusable . . . neglect," and "whether plaintiff has been substantially prejudiced by the delay involved." 10A Wright and Miller, Federal Practice and Procedure § 2685 (4th ed. 2020). Moreover, the United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Less than two weeks after the show cause order was entered, respondent responded to the show cause order, moved for an extension of time to respond to the petition, and responded to the

petition with a motion to dismiss and a memorandum in support. ECF Nos. 11, 14–18. The respondent's administrative oversight, resulting from counsel's extended medical leave, and quick action rectifying the issue upon discovery, constituted good cause and excusable neglect. Further, the short delay in responding to the petition did not substantially prejudice Ward. Under these circumstances, and due to the Fourth Circuit's preference for avoiding defaults, Ward's motions for default judgment, ECF Nos. 9–10, should be **DENIED**.

**B.    Ward's federal habeas petition was not timely filed under 28 U.S.C. § 2244(d)(1)(A).**

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to federal habeas petitions brought by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . . or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[4]

28 U.S.C. § 2244(d)(1)(A), (d)(1)(D), (d)(2).

Ward's convictions became final on February 20, 1995, when he did not appeal his conviction to the Court of Appeals of Virginia within 30 days after the entry of final judgment on

---

[4] Subsections (B) and (C) provide alternative grounds for the belated commencement of the statute of limitations related to a state's impediment of a petitioner's application in violation of the Constitution or laws of the United States or retroactive application of a constitutional right— neither of which are implicated in Ward's petition.  28 U.S.C. § 2244(d)(1)(B)–(C).

January 20, 1995. *See* Va. Code Ann. § 8.01-675.3. "For a prisoner whose judgment became final before AEDPA was enacted, the one-year limitations period runs from AEDPA's effective date: April 24, 1996." *Wood v. Milyard*, 566 U.S. 463, 468 (2012). Ward's one-year limitations period expired on April 25, 1997.

Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Ward did not execute his state habeas petition until July 31, 2017, more than 20 years after his federal limitations period had run under section 2244(d)(1)(A), and the filing did not toll the federal limitations period. *See* ECF No. 16-6 at 29.

C.  **Ward's federal habeas petition was not timely filed under 28 U.S.C. § 2244(d)(1)(D).**

Ward asserts his claim "presented itself" when his suspended sentence was revoked on December 12, 2016. ECF No. 1 at 7. A petitioner may be entitled to belated commencement of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), which provides that the limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," if that date is later than the date the conviction became final. "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he [or she] discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Washington v. Williams*, No. 3:18cv792, 2020 WL 913083, at *4 (E.D. Va. Feb. 25, 2020) (quoting *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)).

Assuming Ward could prove that, exercising due diligence, he could not have discovered his claims until his revocation hearing on December 12, 2016, his petition would still be barred by

7

the one-year federal limitations period. The revocation order entered December 27, 2016, became final 30 days later on January 26, 2017, when Ward failed to appeal to the Court of Appeals of Virginia. *See* Va. Code Ann. § 8.01-675.3. Ward's belated one-year federal limitations period began to run on January 26, 2017, and, absent tolling, would have expired on January 26, 2018.

While properly filing a petition for a writ of habeas corpus in state court tolls the federal limitations period, it does not restart the one-year period. *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007). Ward executed his state habeas petition on July 31, 2017, after 186 days of his federal limitations period had run. The circuit court dismissed his petition on January 23, 2018. Ward did not timely appeal his dismissal to the Supreme Court of Virginia, and his appeal is not considered "properly filed" for tolling purposes.[5] *Artuz v. Bennett*, 531 U.S. 4, 9 (2000).

The 179 days remaining in his federal limitations period began to run on January 23, 2018. Ward's federal limitations period expired on July 21, 2018, over 20 months prior to his executing his current federal habeas petition on April 5, 2020. Accordingly, Ward's federal petition is not timely filed even if he is entitled to a belated commencement of the limitations period and statutory tolling is applied.

**D. Ward is not entitled to equitable tolling.**

AEDPA's statute of limitations provision is subject to equitable tolling. With equitable tolling, petitioners bear the burden of demonstrating that (1) they pursued their rights diligently, and (2) some "extraordinary circumstance" stood in their way that prevented timely filing.

---

[5] Ward asserts that racial bias on the part of the Clerk's Office at the circuit court prevented the timely filing of his state appeal. ECF No. 1 at 5, 7. Even had Ward timely appealed his state habeas petition, his delay in filing his federal petition after the Supreme Court of Virginia's ruling rendered the petition time barred. The Supreme Court of Virginia dismissed Ward's petition on August 1, 2018, and the 179 days remaining in his federal limitations period began to run. Ward's federal limitations period would have expired on January 27, 2019, more than 14 months prior to his executing his current federal habeas petition on April 5, 2020.

8

*Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In an effort to avoid the limitations bar, Ward asserts that he was "transferred and his property took a while to catch up with [him and he] did 'not' have the legal insight to properly argue his claim." ECF No. 1 at 14. Courts consistently hold that lack of access to personal legal papers caused by routine prison transfers is not extraordinary for the purposes of equitable tolling. *See Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (collecting cases). Moreover, the fact that Ward did not understand the law does not constitute an extraordinary circumstance. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (finding that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); *Simpkins v. Clarke*, No. 2:13cv610, 2014 WL 12521301, at *4 (E.D. Va. June 13, 2014) (finding petitioner's "*pro se* status, or his lack of adequate legal representation, does not excuse the filing of his untimely federal habeas petition"), *report and recommendation adopted*, 2014 WL 12521720 (E.D. Va. July 16, 2014).

Ward has not established "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is not proper in this case.

In addition, Ward has not alleged that he is actually innocent of the underlying offense. *See* ECF No. 1. Accordingly, the actual innocence exception does not apply to allow the Court to address his petition that is barred by the federal statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (recognizing that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to bring claims raised after the statute of limitations expired).

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Ward's motions for default judgment (ECF Nos. 9–10) be **DENIED**, respondent's motion to dismiss, ECF No. 14, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court

based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 9, 2021

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

George Allen Ward, #1013118-52
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

Fernando Galindo, Clerk

By /s/ J. L. Meyers
Deputy Clerk

March 9, 2021